**IMG-104**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3570

_____

HAXHI PELLUMB SADIKU;
ADELINA YLLI SADIKU,
                                                    Petitioners
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A073-616-135, A073-616-136)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2012
Before:  FISHER, WEIS AND BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed :  August 28, 2012 )

_____

OPINION

_____

PER CURIAM.

        Haxhi Pellumb Sadiku and Adelina Ylli Sadiku petition for review of the Board of

Immigration Appeals' ("BIA") denial of their motion to reopen.  For the following

reasons, we will deny the petition for review.

        Haxhi Pellumb Sadiku and Adelina Ylli Sadiku, citizens of Albania, entered the

United States on visitor visas. However, they both overstayed and were placed in removal proceedings pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). They conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming a fear of persecution on account of political opinion.[1]

At a hearing before an Immigration Judge ("IJ") in 2000, Sadiku contended that he feared persecution based on his opposition to the Democratic Party of Albania. He explained that, in 1990, he had supported and was a member of the Party. However, by 1992, he was disaffected and no longer a member. Sadiku testified that in the summer of 1993, when the Democratic Party was in power, protesting members of the Socialist Party were beaten by the police near his store. He attempted to intervene, but the police called him a communist and beat him. Sadiku also testified that during the May 1996 election, he refused a request by members of the Democratic Party to stuff ballot boxes. He claimed that as a result of his refusal, he was stabbed by three men. He testified that he went into a coma and was hospitalized. Soon after these events, he said, his store was burned down. He fled Albania in September 1996.

The IJ denied relief, finding Sadiku incredible (and that the conditions had changed in Albania). The IJ noted discrepancies between Sadiku's testimony, his asylum application, and the country report. The IJ found much of his testimony about the

---

[1] For simplicity, we will now refer only to Haxhi Pellumb Sadiku, as he is the lead petitioner. Adelina Ylli Sadiku sought derivative asylum, withholding, and CAT relief.

Democratic Party, specifically the incidents regarding the May 1996 election and the burning of his store, to be implausible. Additionally, the IJ was concerned about inconsistencies regarding Sadiku's entry into the United States. The BIA dismissed his appeal in 2003, agreeing with the IJ's adverse credibility finding and noting in particular that "[Sadiku] lacked credibility regarding events central to his claim, such as the length of his detention, his party membership, and his entry into the United States."[2] Notably, Sadiku did not petition for review of this decision.

In 2007, Sadiku filed a motion to reopen, alleging ineffective assistance of counsel.[3] The Board denied the motion, and we denied the subsequent petition for review. See Sadiku v. Att'y Gen., 278 F. App'x 94 (3d Cir. 2008) (nonprecedential).

In March 2011, Sadiku filed a second motion to reopen, alleging changed country conditions. He contended that he was at greater risk of persecution now that the Democratic Party had returned to power in Albania. The Board denied the motion, noting the prior finding that Sadiku lacked credibility regarding events central to his claim, including his party membership, and concluding that Sadiku had therefore not established that the changes in Albania were material enough as to him as to make his untimely motion proper.[4] The Board rejected the motion to the extent Sadiku raised a

---

[2] Sadiku also testified that he and his family had been detained in a labor camp.

[3] Adelina Ylli Sadiku did not join in the motion to reopen filed in 2007.

[4] The Board also denied the motion to reopen as number-barred as to the lead petitioner.

claim of ineffective assistance of a non-attorney and declined to exercise its authority to reopen proceedings sua sponte. Sadiku then petitioned for review. In his brief, Sadiku argues that the BIA erred in its 2003 adverse credibility determination and that the adverse credibility determination does not bar his motion to reopen.[5]

We have jurisdiction to review the BIA's denial of Sadiku's motion to reopen pursuant to INA § 242(a), 8 U.S.C. § 1252(a). We lack jurisdiction, however, to review the BIA's original 2003 decision, which affirmed the IJ's adverse credibility determination, because Sadiku did not file a timely petition for review of that decision. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (30 days to file a petition for review); Stone v. Immigration & Naturalization Serv., 514 U.S 386, 394-406 (1995). (We also lack jurisdiction over the BIA's 2007 denial of reopening.) The only matter properly before us is the BIA's most recent denial of reopening, as Sadiku's petition for review was filed within 30 days of that decision.

We review the BIA's denial of reopening for abuse of discretion only. We will not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). "As a general rule, motions to reopen are granted only under compelling circumstances." Id. at 562 (citation omitted). An alien generally may file only one motion to reopen and must file the motion with the BIA "no

---

[5] Sadiku does not specifically argue any claims related to reopening his proceedings to apply for CAT relief. Nor does he argue anything related to the claim he made to the BIA about the ineffective assistance of a non-attorney. Therefore, we do not consider these questions. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

4

later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). Sadiku's motion to reopen, filed more than eight years after the final administrative order, was therefore untimely. However, the time bar does not apply to motions that rely on evidence of changed country conditions arising in the country of nationality, if such evidence is *material* and was not available and could not have been discovered or presented at the previous hearing. INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Sadiku argues that the return to power of the Democratic Party in Albania in 2009 constituted new and previously unavailable evidence demonstrating his entitlement to relief. His new motion to reopen therefore seemingly implicated his original allegation of persecution by the Party and its members. In such circumstances, courts have found it reasonable for the Board to expect new evidence to rebut the prior adverse credibility finding. See, e.g., Kaur v. Bd. of Immigration Appeals, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). In the absence of such evidence, the Board can plausibly conclude that the changed country conditions are simply not material for the alien. See id.

Sadiku argues, though, that there was no need for him to submit evidence that might have rehabilitated his credibility because the prior adverse credibility determination was actually not relevant to his new motion to reopen. See Guo, 386 F.3d at 562 (prior adverse credibility finding with respect to a religious persecution claim was not relevant to a subsequent motion to reopen asserting a claim based on China's coercive population control policies). In this vein, he admits, as he must, that his motion to reopen

was based on his fear of persecution as a result of his political opinion, as illustrated by the May 1996 stabbing that occurred after he opposed the Democratic Party.  See Petitioner's brief at 28 ("[t]he claim . . . is that he is afraid of persecution in Albania because he was stabbed on May 26, 1996").  But he contends that that story of persecution was actually unrelated to the *specific* things the Board found he had testified inconsistently about—his dates of detention, his past party membership, and his entry into the United States.

We do not believe the Board needed to view the prior adverse credibility so narrowly, however.  In the original removal proceeding, the IJ found that Sadiku's story was simply unbelievable; on appeal, the Board agreed.  See A.R. 478 (the IJ, indicating that "the Court's finding is based upon credibility.  I don't believe essentially his story . . . . I do not believe that."); A.R. 422 ("[w]e agree with the Immigration Judge's findings concerning credibility").  The specific examples given by the Board were reasons that it did not believe Sadiku's story of persecution generally, not simply stray aspects of a story that it otherwise found essentially believable.  Given this, we must conclude that the Board was within its rights to expect Sadiku's new motion to reopen, rooted in the 1996 stabbing, to make some effort to rehabilitate his credibility.  See Kaur, 413 F.3d at 234.

Moreover, the evidence Sadiku presented with his motion to reopen—which included documents demonstrating that he assisted the Government with a criminal investigation, his electrocardiogram, a 2009 country report, proof of recent Socialist Party membership, tax forms, Social Security forms, and insurance cards—did not rehabilitate

his credibility. Those documents simply did not address the story of persecution that Sadiku presented originally and that was found to be unbelievable. Accordingly, we cannot say the Board abused its discretion in denying Sadiku's motion to reopen on the basis that he had failed to show that the changes in Albania were material to his claims. See INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); Kaur, 413 F.3d at 234.

For these reasons, we will deny the petition for review.